No. 10,173.

THE PEOPLE, EX REL. INDUSTRIAL SUGAR CO. *v.* LARIMER . COUNTY DISTRICT COURT.

Decided December 5, 1921.

Petition for Writ of Prohibition.    Original proceeding.

*Writ Granted.*

1. ACTIONS—*Nature of.*  A suit to recover amount paid, with interest, on one of two promissory notes given for the purchase price of shares of stock in a corporation, and for cancellation of the other note or judgment for its amount, held to be an equitable action for the rescission of the contract for the purchase of the shares, and not an action in tort.

2. VENUE—*Change.*  In an action for the rescission of a contract, the place of trial is the domicile of defendant; the contract to be executed there, and where service of summons was had. The suit being instituted in another county, on motion for change of venue, the court had no jurisdiction except to order the change.

Mr. H. L. LUBERS, for relator. .

Messrs. STOW & STOVER, Messrs. LEE & SHAW, for respondents.     .

MR. JUSTICE BAILEY delivered the opinion of the court.

IN this proceeding it is sought to prohibit further action on the part of the District Court of Larimer County in a cause there pending between Henry Schneider, plaintiff, and The Industrial Sugar Company, defendant.  As ground

for the writ it is claimed that the action is one to rescind a contract, and that the proper venue is The City and County of Denver. It is contended by respondents that the action in Larimer County, is in tort, and that the venue therefore is properly laid.

The complaint in the original case alleges in substance that the defendant company through its agents induced plaintiff to subscribe for certain of its shares of capital stock, and as payment therefor took his two notes, one for $625.00, which has been paid, and one for $1,875.00, which is still outstanding. That plaintiff was induced to execute the notes by false and fraudulent representations, and that the defendant company now threatens to force payment of the second note. Plaintiff prays for judgment in the amount of the first note with interest; and that the remaining note be surrendered for cancellation, that defendant be enjoined and restrained from negotiating that note or from forcing plaintiff to pay same, and that in the event of the refusal of defendant to surrender the note, then for judgment for $1,875.00 in addition to the amount of the first note.

The sole question is whether the action is an equitable one *in personam,* for rescission, or in damages for tort. From the complaint it is obvious that what plaintiff seeks is to be restored to the position he was in before the purchase of the shares. In *Lathrop v. Maddux,* 58 Colo. 258, 144 Pac. 870, the complaint alleged the purchase by plaintiff of a traction engine; that such purchase was induced by certain representations of defendant, which plaintiff relied upon, and which proved false. Plaintiff prayed judgment for a return of the money paid, and for the cancellation of his notes executed in payment of the balance of the purchase price. In discussing the nature of the action at page 262 this court approved the conclusion of the trial court that the suit was an equitable one to rescind the contract.

It is equally clear that the gist of this section is to rescind the contract for the purchase of the shares. Plain-

tiff was free to elect his remedy and did so. He does not seek damages as for tort which he might have done had he chosen to let the contract stand and sue to recover same. He simply asks to be left in the same position in which he was when he signed the notes. It is clear, therefore, that, since the action is in equity for the annulment of a contract, which was to be performed in The City and County of Denver, the domicile of the corporation, and where service of summons was had, the motion for a change of venue should have been allowed. The District Court of Larimer County had and has no jurisdiction except to order such change. Let the writ issue accordingly.

MR. JUSTICE TELLER and MR. JUSTICE BURKE concur.